NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1768
_____

PHILIP ROMANELLI,
                                        Appellant

v.

CALIFORNIA BOARD OF REGISTERED NURSES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:21-cv-02006)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 13, 2022

Before:  KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: October 13, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Philip Romanelli appeals the District Court's order dismissing his complaint for lack of subject matter jurisdiction. For the reasons set forth below, we will affirm the District Court's judgment with one modification.

I.

In 2021, Romanelli filed an action against the California Board of Registered Nursing ("the Board").[1] The operative amended complaint raises claims pursuant to 42 U.S.C. § 1983, the First Amendment, and various state laws. Romanelli's claims arose out of proceedings that led to the surrender of his nursing license and the Board's subsequent denials of his requests for reinstatement. He sought monetary damages and equitable relief.

The Board filed a motion to dismiss Romanelli's amended complaint, which the District Court granted upon concluding that the Board is immune from suit under the Eleventh Amendment. Romanelli timely appealed.

II.

We have jurisdiction to review the District Court's dismissal pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal of an action based on sovereign immunity. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 (3d Cir. 1996).

III.

_____

[1] Romanelli's pleadings incorrectly referred to the Board as "the California Board of Registered Nurses."

2

The Eleventh Amendment protects a state, state agency, or state department from suit in federal court unless Congress has specifically abrogated the state's immunity, or the state has waived it. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 120-21 (1984); Karns v. Shanahan, 879 F.3d 504, 513 (3d Cir. 2018); see also Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 658 (3d Cir. 1989) ("A state agency is entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it would have had essentially the same practical consequences as a judgment against the State itself.") (citation and internal quotation marks omitted). "This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst, 465 U.S. at 100.

Romanelli does not contest that the Board is a state agency, nor does he raise any arguments in his opening brief to undermine the District Court's conclusion that the Board is entitled to sovereign immunity. Even assuming any challenge to the District Court's sovereign immunity ruling has not been forfeited, see M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020), we agree with the District Court that Romanelli's suit is barred by the Eleventh Amendment. The Board is part of the California Department of Consumer Affairs and is responsible for the administration of state nursing laws. See Cal. Bus. & Prof. Code § 2700 et seq.; Lee v. Bd. of Registered Nursing, 147 Cal. Rptr. 3d 269, 272 (Cal. Ct. App. 2012). The District Court properly concluded that it is a state agency immune from suit. See Forster v. County of Santa Barbara, 896 F.2d 1146, 1149 (9th Cir. 1990) (per curiam) (holding that

3

California Board of Medical Quality Assurance, also part of the Department of Consumer Affairs, is a state agency protected by the Eleventh Amendment). As the District Court noted, Congress has not abrogated California's immunity, see Quern v. Jordan, 440 U.S. 332, 340-41 (1979), nor has California consented to suit in federal court or waived its immunity here, see Welch v. Tex. Dep't of Highways & Pub. Transp., 483 U.S. 468, 473 (1987) (reasoning that "the Court will find a waiver by the State only where stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction" (alteration in original) (internal quotation marks and citation omitted)).[2]

The District Court also properly declined to exercise jurisdiction over Romanelli's state-law claims. See Pennhurst, 465 U.S. at 120 (concluding that Eleventh Amendment immunity extends to pendent state-law claims).[3] We will, however, modify the District Court's order in part to reflect that the state-law claims are dismissed without prejudice to Romanelli's ability to bring them in state court. We express no opinion on Romanelli's likelihood of prevailing in that forum.

---

[2] While a limited exception exists in which federal courts may have jurisdiction to entertain a lawsuit seeking prospective injunctive relief against a state official, see Pennhurst, 465 U.S at 102-03, Romanelli did not name any state officials in this action.

[3] Although it appears that Romanelli was a citizen of Pennsylvania when he filed this action, he did not assert diversity of citizenship as a basis for jurisdiction, and even if he had, "federal courts cannot entertain a suit in diversity jurisdiction against a state or its Alter ego." Blake v. Kline, 612 F.2d 718, 726 (3d Cir. 1979).

4